## BIRD v. KREISER.

(City Court of New York, General Term.  February 8, 1894.)

DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL.

An examination of defendant before trial will not be allowed where it appears that plaintiff's object is to compel defendant to disclose the evidence by which he intended to establish his defense.

Appeal from special term.

Action by Joseph Bird against Samuel Kreiser.  From an order vacating an order for the examination of defendant before trial, plaintiff appeals.

The opinion of NEWBURGER, J., at special term is as follows:

From an examination of the affidavit, order, and pleadings it appears to me that the examination sought is for the purpose of compelling the defendant to disclose the evidence by which he intends to establish his defense. The motion to vacate order herein must therefore be granted. · No costs.

Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ..

C. Bainbridge Smith, for appellant.

Fromme Bros., for respondent.

FITZSIMONS, J.  The order appealed from is affirmed, with costs.  The reasons stated by the special term justice in his opinion are sufficient to sustain the order, and are adopted by us.  All concur.

---

(6 Misc. Rep. 501.)

## In re COOPER.

(Surrogate's Court, Cattaraugus County.  January, 1894.)

1. CLAIMS AGAINST DECEDENTS—JURISDICTION OF SURROGATE.

Code Civ. Proc. § 2739, provides that on a judicial settlement of the accounts of the executor or administrator, where a contest arises between the accounting party and any of the other parties respecting a debt alleged to be due by decedent to the accounting party, the contest must be tried and determined in the same manner as any other issue arising in the surrogate's court.  Held, that the surrogate, on an accounting by the personal representative of a deceased executor, may determine the validity of a claim of such deceased executor against the estate of testator.

2. ASSUMPSIT—IMPLIED PROMISE TO PAY FOR SERVICES.

A promise to pay for services will be implied, unless the relations of the parties are such as to raise a presumption that the services were rendered without any expectation of compensation.

3. TRUSTS—DELIVERY OF MONEY FOR SPECIFIC PURPOSE.

Delivery of money to a person, to be applied to specific purposes, to which the donee assents, creates a valid trust as to such money.

Proceeding for a judicial settlement of the accounts of the executors of the will of Benjamin Cooper, deceased.

Thrasher & Leonard, for Ezra Cooper, the surviving executor.

J. M. Congdon, for administrators of Henry H. Atwell, the deceased executor.

J. J. Inman and W. S. Thrasher, special guardians, pro se.